## Wytheville

Cox, Administrator v. Caskie, Administrator.

June 11, 1914.

1. Limitation of Actions—*Scire Facias on Judgment Against Decedent—Former Administration—Annulment—Code, Section 3577.* Where administration has been granted on the estate of a decedent who left a will appointing an executor, but the grant has been subsequently annulled and set aside, and, the executor declining to qualify, administration with the will annexed is granted to another and a *scire facias* is then sued out against the latter to revive a judgment recovered against the decedent in his lifetime, the statute of limitations begins to run, under section 3577 of the Code, from the time of the qualification of the administrator with the will annexed. He is in no sense a successor in title to the administrator, but is wholly independent of him, and derives all of his right, title and interest under the will of the decedent. The situation is the same as if the first administration had never been granted.

Error to a judgment on a *scire facias* of the Circuit Court of the city of Richmond. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Willis B. Smith,* for the plaintiff in error.

*Scott & Buchanan,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This writ of error brings under review the action of the Circuit Court of the city of Richmond in reviving a

judgment recovered by James Caskie, administrator of W. B. Warwick, against Peter C. Warwick.

The agreed facts show that in June, 1886, James Caskie, administrator of W. B. Warwick, recovered in the Circuit Court of the city of Richmond a judgment for $4,000, with interest and costs, against Peter C. Warwick, upon which execution was duly issued and returned from time to time, the return day of the last execution being January rules, 1894. The judgment debtor died in 1889 leaving a will devising his estate, consisting of certain real property in the counties of Chesterfield and Henrico, to his widow, Caroline Warwick, and appointing her as his executrix, with power to dispose of the same. This will was not admitted to probate until the year 1908. In the meantime, in 1903, on motion of one Augustus Wright, a stranger, who desired to acquire the Chesterfield land for delinquent taxes, the County Court of Chesterfield ordered the estate of Peter C. Warwick committed to the sheriff of that county. At the time of this action by the county court, as already seen, the will was in existence, the executrix therein appointed was living, capable of acting, and had not declined to qualify. These facts being brought to the attention of the Circuit Court of Chesterfield county, at its November term, 1910, that court, on motion of James Caskie, administrator of W. B. Warwick, revoked and annulled the order of 1903 committing the estate of Peter C. Warwick to the sheriff. Subsequently, on December 12, 1910, the executrix of Peter C. Warwick then declining to qualify, Edwin P. Cox was appointed the administrator with the will annexed of Peter C. Warwick, and duly qualified as such. Thereupon, on the 15th of December, 1910, Caskie, administrator of W. B. Warwick, sued out a writ of *scire facias* against Cox, administrator c. t. a. of Peter C. Warwick, to revive the judgment recovered, as shown,

against Peter C. Warwick in his life time. Cox, administrator c. t. a. of Peter C. Warwick, appeared and resisted the motion to revive upon the ground that the judgment was barred by the statute of limitations. The court overruled this defense and entered an order reviving the judgment.

The sole question to be determined is whether, as contended by the plaintiff in error, the statute of limitations began to run against the judgment from the date of the order committing the estate of Peter C. Warwick to the sheriff, or whether it ran, as contended by the defendant in error, from the date of the qualification of Edwin P. Cox as administrator with the will annexed of Peter C. Warwick.

Both parties rely on section 3577 of the Code, which provides that on a judgment an execution may issue within a year from its date, and when such an execution has been issued and returned other executions may be issued or a *scire facias,* or an action may be brought within twenty years from the return day of an execution on which there is such return, "except that where the *scire facias* or action is against a personal representative of a decedent, it shall be brought within five years from the qualification of such representative."

The case before us comes within both conditions of the statute. The *scire facias* was sued out December 15, 1910, within twenty years from the return day of the last execution, which was the second January rules, 1894; it was against Edwin P. Cox, administrator with the will annexed, the personal representative of the decedent, and brought within five years after his qualification as such representative. The last provision of the statute was manifestly intended to facilitate a personal representative in the settlement of an estaate, by providing that he should not be delayed, in the case of a

*scire facias* or action, longer than five years from the date of his qualification. The testator, Peter C. Warwick, left no personal estate, and therefore no assets of any kind passed into the hands of the sheriff to whom the estate was committed. The effect, therefore, of the revocation of the sheriff's appointment upon his *mesne* acts cannot arise in this case, for the sufficient reason that he performed no intermediate acts.

Nor are we concerned with the question, so much discussed in the petition for a writ of error, as to whether the order committing the estate to the sheriff was void or merely voidable, there being at the time a will in existence appointing an executor, because the order appointing the sheriff administrator was annulled before the institution of this proceeding to revive. The plaintiff in error, who is the duly appointed administrator with the will annexed of Peter C. Warwick, derives all his right, title and interest under the will of his decedent. He is in no sense a successor in title to the sheriff as administrator, but is wholly independent of that official. At the time this proceeding to revive the judgment was instituted, the situation was the same as if the estate of Peter C. Warwick, the judgment debtor, had never been committed to the sheriff. The order committing the estate had been revoked, and Cox was the duly appointed administrator c. t. a.    The judgment was not barred, under the limitation of twenty years from the date of the last execution issued thereon, and no reason is perceived why the creditor did not have the right to revive his judgment against Cox, the then legally existing personal representative of the decedent. The language of the statute is that where the *scire facias* is brought against a personal representative of a decedent, it shall be brought within five years from the qualification of *such* representative. Whether the appointment of the sher-

iff was void or voidable, it was revoked and annulled, and it cannot now be united with the valid and subsisting appointment of the plaintiff in error for the purpose of stretching the time sufficiently to bar the judgment herein asserted. The language of the statute is too clear for interpretation or construction, and the case at bar comes clearly within its terms and is controlled by it. No other ground, therefore, need be considered in support of the conclusion that the judgment in question was not barred; the statute of limitations having begun to run against it only from the date of the qualification of the plaintiff in error as administrator c. t. a. of Peter C. Warwick.

The judgment complained of is without error and must be affirmed.

*Affirmed.*